<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| VASWANI, INC.,<br><br>        Plaintiff,<br><br>        v.<br><br>ATLANTIC ENTERPRISES LTD,<br>ATLANTIC MEDICALS LTD, SUREN<br>MIRCHANDANI, AMIT ORON, LVM<br>INVESTMENTS LLC, VISIO INGENII,<br>RADHIKA RAO, and NAGACHETAN<br>BANGALORE MANJUNATHAMURTHY,<br><br>        Defendants. | Case No. 2:22-cv-00137 (BRM) (JSA)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are four motions to dismiss Plaintiff Vaswani, Inc.'s ("Vaswani") Amended Complaint, (ECF No. 4), pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6) filed by Defendant LVM Investments, LLC ("LVM") (ECF No. 15), Defendant Amit Oron ("Oron") (ECF No. 23), Defendants Atlantic Medicals Ltd ("AM") and Suren Mirchandani ("Mirchandani") (ECF No. 61), and Defendant Atlantic Enterprises Ltd. ("AE") (collectively, "Defendants") (ECF No. 62). Vaswani filed oppositions to the motions to dismiss (ECF Nos. 20, 42, 63) and separately filed a motion for default judgment against Visio Ingenii ("VI"), Radhika Rao ("Rao"), and Nagachetan Bangalore Manjunathamurthy ("Bangalore"). (ECF No. 41). Having reviewed the parties' submissions filed in connection with the motions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, LVM's Motion to Dismiss is **GRANTED**; Oron's Motion

to Dismiss is **GRANTED**; AM and Mirchandani's Motion to Dismiss is **GRANTED**; AE's

Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**; and Vaswani's Motion for

Default Judgment is **GRANTED**.

## I.    BACKGROUND

For the purpose of these motions to dismiss, the Court accepts the factual allegations in the

Amended Complaint as true and draws all inferences in the light most favorable to Vaswani. *See*

*Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any

"document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory*

*Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194,

1220 (1st Cir. 1996)). However, on a motion to dismiss pursuant to Rule 12(b)(2), "plaintiff bears

the burden of proving by affidavits or other competent evidence that jurisdiction is proper."

*Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996). Therefore, the Court is not

bound by the pleadings to determine jurisdiction, *see id.*, and, to the extent they are material or

applicable, the Court will include relevant allegations pertaining to jurisdiction in its summary of

the facts, while construing all disputed facts in favor of Vaswani. *Carteret Sav. Bank v. Shushan*,

954 F.2d 141, 142 n.1 (3d Cir. 1992).

This action arises out of an alleged breach of contract between Vaswani and AE. (Am.

Compl. (ECF No. 4) ¶¶ 16, 29, 35.) Vaswani is a United States corporation with its principal place

of business located in New Jersey, and AE is a private limited company formed and operated in

Gibraltar. (*Id.* ¶¶ 3–4.) AM, a private limited company from the United Kingdom, owns two

separate entities: AE and LVM. (*Id.* ¶¶ 5–6.) LVM is a United States entity located in Florida. (*Id.*

¶ 6.) Mirchandani, a United Kingdom resident, is an agent and owner of AM, AE, and LVM. (*Id.*

¶ 7.) Oron is a resident of Israel allegedly involved in the relevant dealings. (*Id.* ¶ 8.)

Due to the COVID-19 pandemic, Vaswani developed a need for acquiring personal protective equipment ("PPE"). (*Id*. ¶ 13.) Through a business affiliation, Vaswani initiated discussions with Oron about sourcing PPE products. (*Id*. ¶ 14.) Oron introduced Vaswani to AE, the entity which would be capable of providing the needed PPE products to Vaswani. (*Id*. ¶ 15.)

On June 23, 2020, Vaswani entered into an initial agreement to purchase the desired PPE products from AE. (*Id*. ¶ 16.) Vaswani tendered $307,264.00 to AE in exchange for the PPE products. (*Id*. ¶¶ 16, 21, 29.) In turn, AE placed an order to secure the PPE from VI, a private limited company formed in the United Kingdom with offices in California. (*Id*. ¶¶ 9, 17.) Bangalore is a director of VI. (*Id*. ¶ 11.) Rao is the secretary and a director of VI. (*Id*. ¶ 10.)

On July 2, 2020, Mirchandani notified Vaswani the PPE products were ready to be shipped. (*Id*. ¶ 21.) However, no products were shipped, and Vaswani demanded a return of the funds. (*Id*. ¶¶ 22–23.) Mirchandani, Oron, and AE communicated to Vaswani that AE no longer had the funds, as they had already provided VI with payment. (*Id*. ¶ 23.) Vaswani received a partial refund in the amount of $77,000.00. (*Id*. ¶ 26.) Vaswani seeks damages for the remaining amount of $230,264.00. (*Id*. ¶ 27.)

On January 19, 2022, Vaswani filed an Amended Complaint, alleging: (1) breach of contract against AE (Count I); (2) piercing of the corporate veil for a judgment against AE, AM, LVM, and Mirchandani (Count II); (3) breach of third-party beneficiary contract against AE, AM, LVM, and Mirchandani (Count III); piercing of the corporate veil for a judgment against VI, Bangalore, and Rao (Count IV); conversion against AE (Count V); violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-2*, et seq.*, against VI, AE, Bangalore, Mirchandani, Oron, and AM (Count VI); and violation of the New Jersey Commercial Code against AE and Oron (Count VII). (*Id*. ¶¶ 28–91.)

3

On March 10, 2022, LVM filed a partial motion to dismiss Count II, piercing of the corporate veil, and Count III, breach of third-party beneficiary contract. (ECF No. 15-1.) On April 4, 2022, Vaswani filed an opposition to LVM's motion. (ECF No. 20.) In its opposition, Vaswani voluntarily withdrew Count III for breach of third-party beneficiary contract as to LVM. (*Id*. at 16.) On April 11, 2022, LVM filed a reply. (ECF No. 21.) On June 1, 2022, Oron filed a motion to dismiss. (ECF No. 23.) On July 18, 2022, Vaswani filed an opposition to Oron's motion, (ECF No. 42), and on July 25, 2022, Oron filed a reply. (ECF No. 43.)

On June 14, 2022, Vaswani moved for default against VI, Bangalore, and Rao. (ECF No. 32.)[1] The Clerk of Court entered default on June 24, 2022. On July 13, 2022, Vaswani moved for default judgment against VI, Bangalore, and Rao for failure to plead or otherwise defend in this action. (ECF No. 41.)

Originally, AE, AM, and Mirchandani filed their motions to dismiss on July 26, 2022. However, on August 29, 2022, Magistrate Judge Jessica S. Allen granted an extension and directed the parties to confer and file their papers at the same time when they were ready. (ECF No. 49.) On March 7, 2023, AE, AM, and Mirchandani refiled their motions to dismiss (ECF No. 61; ECF No. 62.) On March 8, 2023, Vaswani filed its opposition to those motions (ECF No. 63), and AE, AM, and Mirchandani filed their respective replies that same day. (ECF Nos. 64, 65.)

## II.   LEGAL STANDARDS

---

[1] Vaswani also moved for default against AE, AM, and Mirchandani; however, AE, AM, and Mirchandani later made appearances and thus avoided an entry of default against them. To date, VI, Bangalore, and Rao have yet to appear in this action.

**A.      Rule 12(b)(2)**

A plaintiff bears "the burden of demonstrating facts that establish[] personal jurisdiction." *Fatouros v. Lambrakis*, 627 F. App'x 84, 86–87 (3d Cir. 2015) (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002)). A court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff." *Pinker*, 292 F.3d at 368 (quoting *Carteret Sav. Bank*, 954 F.2d at 142 n.1.) Pursuant to Federal Rule of Civil Procedure 4(k), a district court may exercise personal jurisdiction according to the law of the state where it sits. "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 95 (3d Cir. 2004) (citing N.J. Court Rule 4:4-4(c)). In other words, this Court's jurisdiction is "constrained, under New Jersey's long-arm rule, only by the 'traditional notions of fair play and substantial justice,' inhering in the Due Process Clause of the Constitution." *Carteret Sav. Bank*, 954 F.2d at 145 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Therefore, "parties who have constitutionally sufficient 'minimum contacts' with New Jersey are subject to suit there." *Miller Yacht Sales*, 384 F.3d at 96 (citing *Carteret Sav. Bank*, 954 F.2d at 149).

The Supreme Court has defined two categories of personal jurisdiction: specific jurisdiction and general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citing *Int'l Shoe.*, 326 U.S. at 317); *see Metcalfe*, 566 F.3d at 334 ("Minimum contacts can be analyzed in the context of general jurisdiction or specific jurisdiction."). Specific jurisdiction exists when the defendant's activities in the forum state: (1) were "continuous and systematic" and (2) gave rise to the plaintiff's claims. *Id*. General jurisdiction requires only continuous and systematic contacts, and exists in "situations where a foreign corporation's 'continuous corporate operations

within a state [are] so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities.'" *Id*. (quoting *Int'l Shoe*, 326 U.S. at 318).

"Under traditional jurisdictional analysis, the exercise of specific personal jurisdiction requires that the 'plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 451 (3d Cir. 2003) (citing *Pinker*, 292 F.3d at 368.) The defendant must have "'purposefully directed' his activities at residents of the forum and the litigation [must] result[] from alleged injuries that 'arise out of or relate to' those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citations omitted); *Metcalfe*, 566 F.3d at 334. Further, the Due Process Clause of the Fifth Amendment requires that a "defendant has constitutionally sufficient 'minimum contacts' with the forum" and that "the court's jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Pinker*, 292 F.3d at 369 (citing *Burger King*, 471 U.S. at 474; and *Int'l Shoe*, 326 U.S. at 316).

While the Supreme Court has not ruled out the possibility an individual could be subject to general jurisdiction because of "continuous and systematic contacts" with the forum, the Court has applied general jurisdiction only to corporate defendants. *Goodyear Dunlop Tires Operations S.A. v. Brown*, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."). "It may be that whatever special rule exists permitting 'continuous and systematic' contacts . . . to support jurisdiction with respect to matters unrelated to activity in the forum applies only to corporations." *Burnham v. Superior Court of Cal.*, 495 U.S. 604, 610 n.1 (1990).

6

**B.      Rule 12(b)(6)**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the non-moving party]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). This "plausibility standard" requires the complaint to allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" must be pleaded; it must include "factual enhancement" and not just conclusory statements or a recitation of the elements of a cause

of action. *Id.* (citations omitted). In assessing plausibility, the court may not consider any "[f]actual claims and assertions raised by a defendant." *Doe v. Princeton Univ.*, 30 F.4th 335, 345 (3d Cir. 2022).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Indeed, after *Iqbal*, conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that the claim is facially plausible, allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See id.* at 670.

While, generally, the court may not consider anything beyond the four corners of the complaint on a motion to dismiss pursuant to Rule 12(b)(6), the Third Circuit has held that "a court may consider certain narrowly defined types of material without converting the motion to dismiss [to one for summary judgment pursuant to Rule 56]." *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). Specifically, courts may consider any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory*, 114 F.3d at 1426 (quoting *Shaw*, 82 F.3d at 1220). However, "[w]hen the truth of facts in an 'integral' document are contested

by the well-pleaded facts of a complaint, the facts in the complaint must prevail." *Princeton Univ.*, 30 F.4th at 342.

## III.   DECISION

### A.   Piercing the Corporate Veil

LVM, AM, and Mirchandani argue Vaswani fails to allege sufficient factual allegations to state a legally cognizable cause of action against them via piercing the corporate veil. (ECF No. 15-1 at 2; ECF No. 61 at 11–12.) Vaswani contends the Amended Complaint sufficiently alleges facts against LVM, AM, and Mirchandani to support piercing the corporate veil. (ECF No. 63 at 17–18.) Specifically, Vaswani asserts AE was undercapitalized to address its legitimate debts and LVM, AM, and AE all share common ownership in Mirchandani. (ECF No. 20 at 14–15; ECF No. 63 at 18.)

Under New Jersey law, courts "begin with the fundamental propositions that a corporation is a separate entity from its shareholders . . . and that a primary reason for incorporation is the insulation of shareholders from the liabilities of the corporate enterprise." *State, Dep't of Env't Prot. v. Ventron Corp.*, 468 A.2d 150, 164 (N.J. 1983); *see also Lyon v. Barrett*, 445 A.2d 1153, 1156 (N.J. 1982). A court can "ignore a corporation's separate entity in order to prevent it 'from being used to defeat the ends of justice, to perpetuate fraud, to accomplish a crime, or otherwise evade the law.'" *Rowen Petroleum Props., LLC v. Hollywood Tanning Sys., Inc.*, 899 F. Supp. 2d 303, 308 (D.N.J. 2012) (quoting *Melikian v. Corradetti*, 791 F.2d 274, 281 (3d Cir. 1986)). However, "mere ownership of a subsidiary does not justify the imposition of liability on the parent." *See Pearson v. Component Tech. Corp.*, 247 F.3d 471, 484 (3d Cir. 2001); *see also Marzano v. Comput. Sci. Corp.*, 91 F.3d 497, 513 (3d Cir. 1996) (quoting *Ventron*, 468 A.2d at 164) ("Even in the case of a parent corporation and its wholly-owned subsidiary, limited liability

normally will not be abrogated."). Ultimately, "liability generally is imposed only when the [dominant corporation] has abused the privilege of incorporation by using the [subservient corporation] to perpetrate a fraud or injustice, or otherwise to circumvent the law." *Ventron*, 468 A.2d at 164 (citing *Mueller v. Seaboard Com. Corp.*, 73 A.2d 905, 908 (N.J. 1950)).

To pierce the corporate veil, "a plaintiff must show that: (1) one corporation is organized and operated as to make it a mere instrumentality of another corporation, and (2) the dominant corporation is using the subservient corporation to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Bd. of Tr. of Teamsters Loc. 863 Pension Fund v. Foodtown, Inc.*, 296 F.3d 164, 171 (3d Cir. 2002) (citing *Craig v. Lake Asbestos of Quebec, Ltd.*, 843 F.2d 145, 149 (3d Cir. 1988); and *Major League Baseball Promotion Corp. v. Colour-Tex, Inc.*, 729 F. Supp. 1035, 1046 (D.N.J. 1990)); *see also Linus Holding Corp. v. Mark Line Indus., LLC*, 376 F. Supp. 3d 417, 425 (D.N.J. 2019) (finding two elements are required for piercing the corporate veil: (1) "there must be such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist;" and (2) "the circumstances must indicate that adherence to the fiction of separate corporate existence would sanction a fraud or promote injustice"); *State Cap. Title & Abstract Co. v. Pappas Bus. Servs., LLC*, 646 F. Supp. 2d 668, 679 (D.N.J. 2009). Piercing the corporate veil can occur in a traditional manner or in reverse. *See In re Blatstein*, 192 F.3d 88, 100 (3d Cir. 1999) (citing *In re Mass*, 178 B.R. 626, 627 (M.D. Pa. 1995)). In traditional veil piercing, a shareholder is liable for the corporation's actions, whereas in reverse veil piercing, the corporation is liable for the debts of a corporate insider. *See id*.

To satisfy the first element, "a plaintiff must allege that the parent 'completely dominate[s] the finances, policy, and business practice with respect to the subject transaction' to such a degree that the subsidiary has 'no separate mind, will, or existence of its own.'" *Ramirez v. STi Prepaid*

*LLC*, 644 F. Supp. 2d 496, 507 (D.N.J. 2009) (quoting *Craig*, 843 F.2d at 150). A plaintiff must also allege "such dominion or control was exercised to a substantial degree." *See Marketvision/Gateway Rsch., Inc. v. Priority Pay Payroll, LLC*, Civ. A. No. 10-1537, 2011 WL 1640459, at *4 (D.N.J. Apr. 29, 2011) (citing *Craig*, 843 F.2d at 150). The Third Circuit provided several non-binding factors relevant to the inquiry of whether the parent company completely dominates a subsidiary, including:

> gross undercapitalization . . . failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and . . . [whether] the corporation is merely a facade for the operations of the dominant stockholder or stockholders.

*Holzli v. DeLuca Enters.*, Civ. A. No. 11–06148, 2012 WL 983693, at *2 (D.N.J. Mar. 21, 2012) (quoting *Craig*, 843 F.2d at 150); *Ramirez*, 644 F. Supp. 2d at 507. The identical factors and analysis apply to traditional and reverse veil-piercing claims. *Hunt Constr. Grp., Inc. v. Farina*, Civ. A. No. 11-4933, 2012 WL 72286, at *4 n.1 (D.N.J. Jan. 10, 2012).

To satisfy the second element, "a plaintiff need not prove common law fraud but instead demonstrate that the defendants, via the corporate form, perpetrated a fraud, injustice, or the like, a less exacting standard." *Holzli*, 2012 WL 983693 at *2 (citing *Chen v. HD Dimension, Corp.*, Civ. A. No. 10-863, 2010 WL 4721514, at *4 (D.N.J. Nov. 15, 2010)). "[T]he party seeking an exception to the fundamental principle that a corporation is a separate entity from its principal bears the burden of proving that the court should disregard the corporate entity." *Tung v. Briant Park Homes, Inc.*, 670 A.2d 1092, 1096 (N.J. Super. Ct. App. Div. 1996).

Here, the Amended Complaint lacks factual allegations to adequately support piercing the corporate veil for any of the three parties. LVM, AE, and AM are all separate entities. (ECF No. 4

¶¶ 4–6.) Vaswani alleges it entered an agreement with AE to purchase personal protective equipment and premises its veil-piercing claims against LVM, AM, and Mirchandani on AE's undercapitalization to address its debts and the fact that LVM, AM, and AE all share common ownership in Mirchandani. (*Id.* ¶¶ 16, 41, 44; ECF No. 20 at 14–15; ECF No. 61 at 18.) However, "bare-boned allegations of undercapitalization and common control and/or management, standing alone, do not rise to the level of plausibility required to survive a 12(b)(6) motion." *Wrist Worldwide Trading GMBH v. MV Auto Banner*, Civ. A. No. 10-2326, 2011 WL 5414307, at *5 (D.N.J. Nov. 4, 2011); *see also Craig*, 843 F.2d at 150 (finding a plaintiff must allege control by a parent over a subsidiary which is more than a "mere majority or complete stock control"); *United States v. Bestfoods*, 524 U.S. 51, 69 (1998) (quoting *Lusk v. Foxmeyer Health Corp.*, 129 F.3d 773, 779 (3d Cir. 1997)) ("[It is a] well established principle [of corporate law] that directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership."). Indeed, not only does the Amended Complaint merely recite veil-piercing factors without offering supporting factual allegations, Vaswani fails to sufficiently plead the two essential elements for stating a veil-piercing claim.

Vaswani fails to allege facts demonstrating a unity of interest and ownership as to make AE a mere instrumentality of LVM, AM, and Mirchandani. Vaswani does not allege any of the entities failed to observe corporate formalities or pay dividends. Vaswani fails to allege AE siphoned funds to LVM, AM, or Mirchandani or served as a façade for LVM, AM, or Mirchandani's operations. The Amended Complaint contains no allegations regarding any non-functioning officers or directors nor the lack of corporate records. Other than a conclusory allegation of common ownership, the Amended Complaint lacks any allegations of LVM, AM, or

Mirchandani controlling or dominating AE's finances, policy, and business practice with respect to the personal protective equipment transaction, much less allegations "that such dominion or control was exercised to a substantial degree." *Marketvision*, 2011 WL 1640459 at *4 (citing *Craig*, 843 F.2d at 150); *see also Chen*, 2010 WL 4721514 at *4 (finding a failure to adequately allege the veil-piercing factors is "fatal to a piercing the veil claim") (citing *Pappas*, 646 F. Supp. 2d at 680).[2]

Further, Vaswani fails to allege LVM, AM, or Mirchandani used AE "to perpetrate fraud, to accomplish injustice, or to circumvent the law." *Foodtown*, 296 F.3d at 171 (citing *Craig*, 843 F.2d at 149). Without more, Vaswani fails to establish a plausible factual basis for its veil-piercing claims. *See Holzli*, 2012 WL 983693, at *2 (finding "aside from [p]laintiffs' conclusory statements summarizing the legal elements of their veil piercing claim, no specific factual allegations in the [c]omplaint support a claim of either alter ego liability or pierce the corporate veil"). Because the Amended Complaint lacks allegations sufficient to suggest LVM, AM, or Mirchandani dominated or controlled AE (or that LVM, AM, or Mirchandani used AE to perpetrate a fraud or injustice), Vaswani's veil-piercing claim fails. Accordingly, LVM, AM, and Mirchandani's motions to

---

[2] Vaswani alleges AM owns AE and LVM, not that LVM owns AE or vice versa. (ECF No. 4 ¶¶ 43, 44.) Therefore, Vaswani fails to allege a parent-subsidiary relationship between AE and LVM, as required by the New Jersey Supreme Court. *See Ventron*, 468 A.2d at 164 ("Application of this principle depends on a finding that the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent.").

dismiss the veil piercing claims are **GRANTED**. [3, 4]

Although AE has not moved to dismiss Vaswani's veil-piercing claim against it, Vaswani's veil-piercing claim against LVM, AM, and Mirchandani is predicated upon piercing AE's corporate veil. A district court may *sua sponte* dismiss a claim asserted against a "non-moving defendant where the grounds raised by the moving defendants were common to all defendants and the plaintiff had an opportunity to respond to the moving defendants' arguments." *Johnson v. Chevron Corp.*, Civ. A. No. 21-20548, 2022 WL 4817592, at *7 n.4 (D.N.J. Sept. 30, 2022) (citing *Coulter v. Unknown Prob. Officer*, 562 F. App'x. 87, 89 (3d Cir. 2014). Accordingly, Vaswani's veil-piercing claim against AE is **DISMISSED**.

---

[3] All claims against LVM depend on piercing the corporate veil, and the allegations in the Amended Complaint are insufficient to sustain a plausible basis for piercing the corporate veil. Because there are no remaining claims against LVM, the Court need not address the parties' arguments concerning personal jurisdiction. With respect to Vaswani's request for jurisdictional discovery, a court will sustain a plaintiff's right to conduct jurisdictional discovery "[i]f a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Toys "R" Us*, 318 F.3d at 456 (quoting *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)). Here, for the reasons explained above, Vaswani fails to present factual allegations to suggest with reasonable particularity the possible existence of the requisite contacts between LVM and the forum state.

[4] Vaswani also seeks to exercise personal jurisdiction over AM and Mirchandani via a piercing of the corporate veil. (ECF No. 63 at 12–16.) "A court may confer personal jurisdiction over a parent by piercing the corporate veil of the subsidiary." *Mark IV Transp. & Logistics, Inc.*, Civ. A. No. 09-6480, 2014 WL 7073088, at 14* (D.N.J. Dec. 15, 2014), *aff'd*, 705 F. App'x 103 (3d Cir. 2017). The jurisdictional contacts maintained by a subsidiary corporation may be imputed on to a parent corporation if there is a successful accompanying claim to pierce the corporate veil. *See id.*; *Air Sea Int'l Forwarding, Inc. v. Glob. Imports & Trading, Inc.*, Civ. A. No. 03-268, 2008 WL 11510000, at *9 (D.N.J. April 18, 2008). Personal jurisdiction exists so long as the accompanying claim to pierce the corporate veil remains viable. *See Linus Holding Corp.*, 376 F. Supp. 3d at 429. Upon termination of the claim to pierce the corporate veil, personal jurisdiction also terminates if no other grounds for personal jurisdiction exist. *Id.* Since Vaswani's veil-piercing claims against AM and Mirchandani are dismissed in full, Vaswani may not assert personal jurisdiction over AM and Mirchandani via those claims.

**B.      Oron, AM, and Mirchandani's Motion to Dismiss for Lack of Personal Jurisdiction**

Oron, AM, and Mirchandani move to dismiss the Amended Complaint for lack of personal jurisdiction. (ECF Nos. 23, 61.) Oron argues the Court lacks personal jurisdiction over the breach of contract and NJCFA claims asserted against him because Oron did not purposefully avail himself or otherwise direct his activities toward New Jersey. (ECF No. 23-1 at 6–10.) Vaswani, in opposition, contends the Court has jurisdiction over Oron because the alleged breach of contract and NJCFA claims arise out of Oron's contacts with New Jersey. (ECF No. 42 at 9–16.) AM and Mirchandani argue the Court lacks personal jurisdiction over them because they are not domiciled in New Jersey, and the Amended Complaint fails to allege a sufficient connection between them and New Jersey. (ECF No. 61 at 5–10.) Vaswani asserts the Amended Complaint sufficiently alleges jurisdiction over AM and Mirchandani. (ECF No. 63 at 13–4, 20–2.) Alternatively, Vaswani requests the Court permit limited jurisdictional discovery if the Court finds the Amended Complaint fails to adequately allege the existence of personal jurisdiction. (*Id.*)

Pursuant to Federal Rule of Civil Procedure 4(k), a federal district court may exercise jurisdiction over a non-resident defendant to the extent permitted by the law of the state in which it sits. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)) ("[A] federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."). In New Jersey, "courts may exercise jurisdiction over a non-resident defendant 'to the uttermost limits permitted by the United States Constitution.'" *Nicastro v. McIntyre Mach. Am., Ltd.*, 987

A.2d 575, 589 (N.J. 2010), *rev'd on other grounds sub nom.*, *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873 (2011). "Accordingly, in determining whether personal jurisdiction exists, we ask whether, under the Due Process Clause, the defendant has 'certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *O'Connor*, 496 F.3d at 316.

Personal jurisdiction may be established through general jurisdiction or specific jurisdiction over a defendant. *Goodyear*, 564 U.S. at 919 ("Opinions in the wake of the pathmarking *International Shoe* decision have differentiated between general or all-purpose jurisdiction, and specific or case-linked jurisdiction"). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]" *Daimler*, 571 U.S. at 137. Specific jurisdiction may be established over a defendant where the defendant "has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King*, 471 U.S. at 472 (internal citations and quotation marks omitted). More specifically, specific jurisdiction requires: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair." *WAG Acquisition, LLC v. Multi-Media, LLC*, Civ. A. No. 14-1661, 2015 WL 5310203, at *12 (D.N.J. Sept. 10, 2015) (citation omitted); *Shuker v. Smith & Nephew, PLC*, 885 F.3d 760, 780 (3d Cir. 2018) (stating "what is necessary [for specific jurisdiction] is a deliberate targeting of the forum") (citation omitted).

A court's exercise of personal jurisdiction "requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Nicastro*, 564 U.S. at 880. Additionally, due

process requires that "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Int'l Shoe*, 326 U.S. at 316); *see also O'Connor*, 496 F.3d at 316 (discussing the three-step process to determine personal jurisdiction). Importantly, "the defendant's conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "[A] plaintiff's residence, by itself, is insufficient to establish personal jurisdiction" over a defendant. *Choi v. Damul Corp.*, Civ. A. No. 12-2440, 2014 WL 314669, at *7 (D.N.J. Dec. 11, 2013). "Once specific jurisdiction is established, a defendant can be sued in the jurisdiction only in the matter from which the jurisdiction arises." *Boswell v. Cable Servs. Co.*, Civ. A. No. 16-4498, 2017 WL 2815077, at *3 (D.N.J. June 28, 2017).

Moreover, "the minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" *Lebel v. Everglades Marina, Inc.*, 558 A.2d 1252, 1255 (N.J. 1989) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "The 'minimum contacts' requirement is satisfied so long as the contacts resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." *Id.* (quoting *World-Wide Volkswagen*, 444 U.S. at 297–98). Indeed, the *Sandy Lane* inquiry is meant to ensure that an out-of-state defendant will not be haled into court based on "random, fortuitous, or attenuated contacts or as a result of the unilateral activity of some other party." *Waste Mgmt., Inc. v. Admiral Ins.*, 649 A.2d 379, 386 (N.J. 1994). The plaintiff "bears the burden of demonstrating [that] contacts with the forum state [are] sufficient to give the court *in personam* jurisdiction." *Mesalic v. Fiberfloat Corp.*, 897 F.2d 696, 699 (3d Cir. 1990) (alterations in original) (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984)).

17

"The fact that a non-resident has contracted with a resident of the forum state is not, by itself, sufficient to justify personal jurisdiction over the nonresident." *Newman v. N. Carolina Ins. Underwriting Ass'n / N. Carolina Joint Underwriting Ass'n*, Civ. A. No. 20-1464, 2020 WL 6689756, at *4 (D.N.J. Nov. 13, 2020) (citing *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992)); *Grand Ent. Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) ("[A] contract alone does not 'automatically establish sufficient minimum contact in the other party's home forum.'"). Therefore, "[i]n determining jurisdiction over a breach of contract claim, [courts] must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." *Remick v. Manfredy*, 238 F.3d 248, 256 (3d Cir. 2001). The Third Circuit has stated "informational communications in furtherance of [a contract between a resident and nonresident] does [sic] not establish the purposeful activity necessary for a valid assertion of personal jurisdiction [over the nonresident defendant]." *Id.* (alterations in original) (quoting *Farino*, 960 F.2d at 152).

### 1.      Oron's Motion to Dismiss for Lack of Personal Jurisdiction

Vaswani has not met its burden of establishing "a prima facie case of personal jurisdiction" over Oron even when "[his] allegations [are] taken as true and all factual disputes [are] drawn in [his] favor." *Ragner Tech. Corp. v. Berardi*, 287 F. Supp. 3d 541, 550 (D.N.J. 2018) (quoting *Miller Yacht Sales*, 384 F.3d at 97). The pleadings, exhibits, and declarations do not demonstrate Oron had sufficient minimum contacts with New Jersey, the forum state. Oron is a resident of a foreign country. (ECF No. 4 ¶ 8.) Vaswani contacted Oron online via electronic mail, writing:

> Hello. I saw you post on the YPO forum and I may be interested in
> purchasing some of your nitrile glove inventory. I am a member of
> the YPO New Jersey chapter and we are supplying various retailers,

hotels, and restaurants with PPE items. Can you provide details on
the gloves you have available . . . .

(Nihilani Decl., Ex. A (ECF No. 42-2).)[5] Oron responded and introduced Vaswani to AE, the entity

which would contract with Vaswani to provide the desired PPE products.[6] (ECF No. 4 ¶ 15;

Nihilani Decl. (ECF No. 42-1) ¶ 5.) Over the course of four days, Vaswani and Oron entered into

a series of negotiations via telephone and electronic mail communication. (ECF No. 42-1 ¶¶ 6–

10.) Through discussions with Oron, Vaswani entered into an agreement with AE to purchase the

PPE products. (ECF No. 4 ¶ 16.) Vaswani instructed AE to deliver the PPE products to California,

not New Jersey. (Oron Decl. (ECF No. 43-1) ¶ 7; Nihilani Decl., Ex. C (ECF No. 42-5).) Vaswani

wired funds to AE, but AE allegedly never shipped the PPE products. (ECF No. 4 ¶¶ 20–22.)

Construing the facts in light most favorable to Vaswani, Oron has not "purposefully

avail[ed] [him]self of the privilege of conducting activities within [New Jersey], thus invoking the

benefits and protections of its laws." *Shuker*, 885 F.3d at 780 (quoting *Asahi Metal Indus. Co. v.

Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 109 (1987)). Oron never met with Vaswani in

New Jersey, solicited business in New Jersey, marketed in New Jersey, or engaged in post-sale

contacts in New Jersey. Rather, Vaswani initiated contact with Oron through an inquiry of an

online posting. *See WorldScape, Inc. v. Sails Cap. Mgmt.*, Civ. A. No. 10-4207, 2011 WL 3444218,

at *5 (D.N.J. Aug. 5, 2011) ("[A] plaintiff's unilateral activity does not establish the requisite

minimum contacts necessary to exercise personal jurisdiction over a non-resident defendant.").

Vaswani does not allege Oron owns a business in New Jersey, operates offices in New Jersey, or

manages employees in New Jersey. Oron's only connection with New Jersey is limited to a handful

---

[5] Oron purports to be a member of the YPO Israel chapter. (Oron Decl. (ECF No. 43-1) ¶ 3.)

[6] According to Vaswani, Mirchandani is the owner and director of AE. (ECF No. 42-1 ¶ 5.)

of remote electronic communications initiated by Vaswani. *See Walden v. Fiore*, 571 U.S. 277, 285–86 (2014) (quoting *Burger King*, 471 U.S. at 478) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him."); *Asahi*, 480 U.S. at 112 (finding the "'substantial connection[]' . . . between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." (quoting *Burger King*, 471 U.S. at 475–76)). Moreover, Oron is not alleged to being a party to the contract at issue, but rather a conduit for communication to connect Vaswani and AE. *Sunbelt Corp.*, 5 F.3d at 32 ("[A]n exchange of communications between a resident and a nonresident in developing a contract is insufficient of itself to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws" (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985))); *see also Machulsky v. Hall*, 210 F. Supp. 2d 531, 542 (D.N.J. 2002) (clarifying minimal email correspondence "by itself or even in conjunction with his single purchase, does not constitute sufficient minimum contacts"). The posting on an online forum does not give rise to specific jurisdiction because there is no evidence Oron purposefully availed himself of conducting activity in New Jersey.[7] *See Toys "R" Us*, 318 F.3d at 454 (noting to establish specific jurisdiction, "there

---

[7] In *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prod. Co.*, the Third Circuit found defendant, a California corporation, did not possess minimum contacts with the forum state, Pennsylvania, by mailing plaintiff, a Pennsylvania corporation, a signed contract, making telephone calls to Pennsylvania to negotiate a second contract, and mailing other correspondence to Pennsylvania. 75 F.3d 147, 149–52 (3d Cir. 1996). The defendant did not solicit the contract at issue, and none of defendant's personnel ever visited the forum state. *Id*. at 151. Instead, plaintiff solicited defendant to obtain the contract through telephone calls and visits to California. *Id*. Defendant did not ship any product to plaintiff in the forum state. *Id*. Defendant also made all payments for goods under the contract to plaintiff's California office, not its Pennsylvania office. *Id*. Ultimately, the court noted "[t]he only contacts that [defendant] had with Pennsylvania

must be evidence that the defendant 'purposefully availed' itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts"); *Remick*, 238 F.3d at 259 n.3 ("[T]he mere posting of information or advertisements on an Internet website does not confer nationwide personal jurisdiction."). Therefore, Vaswani fails to show an exercise of personal jurisdiction over Oron is proper because Vaswani was "the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Accordingly, Oron's motion to dismiss is **GRANTED.**[8]

### 2.     AM and Mirchandani's Motion to Dismiss for Lack of Personal Jursidiction

Likewise, Vaswani has failed to state "a *prima facie* case of personal jurisdiction" even when taking "its allegations as true and all factual disputes [are] drawn in its favor" with respect to AM and Mirchandani. *Ragner Tech. Corp.*, 287 F. Supp. 3d at 550 (quoting *Miller Yacht Sales*, 384 F.3d at 97). Vaswani argues personal jurisdiction is proper over AM and Mirchandani under the NJCFA.[9]  (ECF No. 63 at 19–22.)

---

consisted of some telephone calls and letters written to [plaintiff] in Pennsylvania." *Id*. at 152. Aside from Oron never being alleged to be a party to the contract for sale of the PPE products, like in *Vetrotex*, Oron here did not solicit the contract at issue, never visited the forum state, and never arranged for the product to be shipped to New Jersey.

[8] Oron also moves to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. Because claims against Oron fail for lack of personal jurisdiction, the Court need not address Oron's remaining arguments.

[9] It is unclear what Vaswani refers to when it says personal jurisdiction exists under the NJCFA. (ECF No. 63 at 20.) Claims brought under the NJCFA in the district court are subject to the same personal jurisdiction requirements as any other claims. The NJCFA contains no provision that alters the scope of personal jurisdiction as established by New Jersey law.

Vaswani claims their "allegations *must* be deemed as true and uncontested" and that "Defendants have not met their burden" in challenging jurisdiction. (ECF No. 63 at 14–15.) While it is true the Court is "required to accept as true all factual allegations in the complaint," *Phillips*, 515 F.3d at 228, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation, *Papasan*, 478 U.S. at 286. *See also Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 908 (3d Cir. 1997) (holding the Court "need not accept 'bald assertions' or 'legal conclusions' contained in the complaint." (quoting *In re Burlington Coat Factory*, 114 F.3d at 1429–30)). Additionally, AM and Mirchandani bear no burden in proving jurisdiction is improper; rather, the burden is on Vaswani to show that an exercise of personal jurisdiction over the parties is proper. *See Dayhoff*, 86 F.3d at 1302 (holding "once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving . . . that jurisdiction is proper.").

The Amended Complaint provides no factual allegations that, when taking as true, adequately allege the existence of personal jurisdiction over AM and Mirchandani. AM and Mirchandani are citizens of the United Kingdom (ECF No. 4 ¶ 7), and the Amended Complaint fails to allege AM and Mirchandani maintained sufficient minimum contacts with New Jersey to justify an exercise of personal jurisdiction. The Amended Complaint fails to allege AM and Mirchandani were ever in New Jersey, solicited business in New Jersey, or marketed in New Jersey. The only contact with New Jersey alleged in Amended Complaint is AM and Mirchandani's communication with Vaswani. As explained above, *see supra.* Sec. III.B.1., contract negotiations alone cannot create the sufficient minimum contacts needed to justify an exercise of personal jurisdiction over a non-resident of the forum state. *Sunbelt Corp.*, 5 F.3d at 32 (citing *Stuart*, 772 F.2d at 1193 (stating "an exchange of communications between a resident and a nonresident in developing a contract is insufficient of itself to be characterized as purposeful

activity invoking the benefits and protection of the forum state's laws"); *see also Walden*, 571 U.S. at 285–86 (quoting *Burger King*, 471 U.S. at 478) ("[T]he plaintiff cannot be the only link between the defendant and the forum. Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him.") Further, the Amended Complaint fails to allege either Mirchandani or AM were ever parties to the contract. Therefore, Vaswani fails to plead a *prima facie* case for the exercise of personal jurisdiction over AM and Mirchandani because Vaswani was "the only link between the defendant and the forum." *Id.* at 285.

With respect to Vaswani's request for jurisdictional discovery, a court will sustain a plaintiff's right to conduct jurisdictional discovery "[i]f a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state.'" *Toys "R" Us*, 318 F.3d at 456 (quoting *Farino*, 960 F.2d at 1223). Here, Vaswani fails to present factual allegations to suggest with reasonable particularity the possible existence of the requisite contacts between AM and Mirchandani and the forum state. Accordingly, AM and Mirchandani's motion to dismiss is **GRANTED**.

### C.    AE's Motion to Dismiss

AE seeks to dismiss Count III and Count VI arguing: (1) the Amended Complaint fails to allege AE breached its contract with VI, and (2) the Amended Complaint fails to allege AE acted in bad faith. (ECF No. 62 at 3–4, 6.) Alternatively, AE argues Vaswani is not a "consumer" within the meaning of the NJCFA. (*Id.* at 4–6.) Vaswani asserts the Amended Complaint adequately pleads both counts because: (1) the Amended Complaint alleges AE and VI intended Vaswani to be a third-party beneficiary of their contract, (2) bad faith is not a requirement for NJCFA

protection, and (3) Vaswani is a "consumer" within the meaning of the NJCFA. (ECF No. 63 at 22, 28–30.)

### 1.      Third-Party Beneficiary Breach of Contract Claim

To state a claim for breach of contract, a plaintiff must show: (1) a valid contract existed, (2) the defendant failed to perform under the contract, (3) damages flowing therefrom, and (4) the party stating the claim performed its own contractual obligations. *See Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007). Additionally, to state a claim as a third-party beneficiary, a plaintiff must also show the parties to the contract intended the plaintiff to benefit from the existence of that contract. *Ross v. Lowitz*, 120 A.3d 178, 189–90 (N.J. 2015); *see also Masapollo v. Hunt*, Civ. A. No. 15-2270, 2016 WL 5402213, at *5-6 (D.N.J. Sept. 27, 2016). "A third-party who merely stands to benefit from a contract is no more than an incidental beneficiary who incurs no contractual right to enforce the contract." *Grant v. Coca-Cola Bottling Co. of New York, Inc.*, 780 F. Supp. 246, 248–49 (D.N.J. 1991).

Here, Vaswani's third-party beneficiary breach of contract claim fails because the Amended Complaint fails to allege AE breached its contract with VI. The Amended Complaint states, "VI failed to provide the product to Vaswani" and "VI is in violation of its contract with AE through which Vaswani was an intended third-party beneficiary." (ECF No. 4 ¶¶ 49, 51.) The Amended Complaint is devoid of any allegation that AE breached its contract with VI; and instead, alleges VI breached the contract. Regardless of the contracting parties' intent, a failure to allege any breach on part of AE is fatal to Vaswani's claim.

Accordingly, AE's motion to dismiss Count III of the Amended Complaint is
**GRANTED**.[10]

### 2.    NJCFA Claim (Count VI)

To state a *prima facie* claim under the NJCFA, a plaintiff must show: (1) unlawful conduct
by defendant; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct
and the ascertainable loss. *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009) (citing
*Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076,
1086 (N.J. 2007)). "Claims under the [NJ]CFA are required to meet the particularity requirement
of Fed. R. Civ. P. 9(b)." *Daloisio v. Liberty Mut. Fire Ins. Co.*, 754 F. Supp. 2d 707, 709 (D.N.J.
2010) (internal citations omitted). Rule 9(b) "requires plaintiffs to plead 'the who, what, when,
where, and how: the first paragraph of any newspaper story.'" *In re Advanta Corp. Sec. Litig.*, 180
F.3d 525, 534 (3d Cir. 1999) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)).
In other words, "[t]o satisfy this standard, the plaintiff must plead or allege the date, time and place
of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud
allegation" *Frederico*, 507 F.3d at 200.

"[T]he [NJCFA] seeks to protect consumers who purchase 'goods or services generally
sold to the public at large.'" *Cetel v. Kirwan Fin. Group, Inc.*, 460 F.3d 494, 514 (3d Cir. 2006)
(quoting *Marascio v. Campanella*, 689 A.2d 852, 857 (N.J. Sup. Ct. App. Div. 1997)). The NJCFA
protects consumers, "even when a merchant acts in good faith." *CDK Global, LLC v. Tulley Auto.*

---

[10] While the Court holds the Amended Complaint fails to allege AE breached its contract with VI,
the Court takes no position on whether the Amended Complaint alleges AE breached its contract
with Vaswani. Additionally, in light of the Court's holding that the Amended Complaint fails to
allege AE breached its contract with VI, the Court need not address whether Vaswani is a third-
party beneficiary of the contract.

*Grp., Inc.*, 489 F. Supp. 3d 282, 307–08 (D.N.J. 2020) (quoting *All the Way Towing, LLC v. Bucks Cty. Int'l, Inc.*, 200 A.3d 398 (2019)). "While the term 'consumer' has historically connoted an individual purchaser, the [NJCFA] has been interpreted to afford protection to corporate and commercial entities who purchase goods and services for use in their business operations." *Arc Networks, Inc. v. Gold Phone Card Co.*, 756 A.2d 636, 638 (2000). However, corporate or commercial entities are not entitled to NJCFA protections if they are not "consumers" of the goods purchased. *See City Check Cashing, Inc. v. Nat'l State Bank*, 582 A.2d 809, 810 (N.J. Sup. Ct. App. Div. 1990). Within the context of the NJCFA, the term "consumer" has been defined as "one who uses (economic) goods, and so diminishes or destroys their utilities." *Hundred East Credit Corp. v. Eric Shuster Corp.*, 515 A.2d 246, 248 (N.J. Sup. Ct. App. Div. 1986) (citing *Webster's New International Dictionary, 2d edition*); *see also Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmBH*, Civ. A. No. 10-453, 2010 WL 5239238, at *10 (D.N.J. Dec. 16, 2010) (holding a "'consumer' relationship amongst business entities is when products and services are purchased for consumption or use in the course of business"). When determining if a transaction falls within the NJCFA, the Court must examine both the status of the parties and the nature of the transaction itself. *Cetel*, 460 F.3d at 514.

Here, it is unclear whether Vaswani is a consumer under the NJCFA. If Vaswani purchased the PPE solely to resell to other businesses for profit, Vaswani would not be a consumer under the NJCFA and not entitled to the NJCFA's protections. *See City Check Cashing*, 582 A.2d at 811 (holding that a check cashing company that bought cash from a bank "at wholesale to sell to its check-cashing customers at retail" is not a consumer under the NJCFA because the company "did not diminish or destroy the utility of the cash and therefore did not consume it."). AE requests the Court to infer Vaswani's intent to resell the PPE from Vaswani's demand for damages for lost

profits. (ECF No. 62 at 5.) Additionally, AE points to the large quantity of the order as indicative of Vaswani's intent to resell. (*Id.*) The Court cannot make the inferences AE requests because the Amended Complaint fails to specify if the profits for which Vaswani seeks damages stem from lost resale profits, or another source.

Moreover, despite the large quantity of the order, the Amended Complaint is ambiguous as to the nature of the transaction and surrounding circumstances. *See Cetel*, 460 F.3d at 514 (explaining the NJCFA's "applicability is limited to consumer transactions which are defined both by the status of the parties and the nature of the transaction itself." (quoting *Arc Networks*, 756 A.2d at 637)). The Amended Complaint only states Vaswani had "developed a need to acquire" the PPE. (ECF No. 4 ¶ 13.) At the motion to dismiss stage, the Court is obliged to accept the factual allegations in the Amended Complaint as true and draw all inferences in the light most favorable to Vaswani. *See Phillips*, 515 F.3d at 228 (3d Cir. 2008). Accordingly, AE's motion to dismiss Count VI is **DENIED**.

### D. Default Judgment

Vaswani moves for entry of default judgment against VI, Bangalore, and Rao. (ECF No. 41 at 1.) Vaswani contends VI, Bangalore, and Rao violated the NJCFA through false statements and deceptions related to the sale of PPE products. (*Id.* at 8.)

A default judgment may be entered "against a properly served defendant who fails to file a timely responsive pleading." *Louisiana Counseling & Fam. Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 364 (D.N.J. 2008) (citing Fed. R. Civ. Pro. 55(b)(2); *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). The judgment must be entered by the court, rather than the clerk, where the amount is not sum certain or cannot be made certain by computation. Fed. R. Civ. P. 55(b). Entry of default judgment is within the discretion of the district

court, although cases should "be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)); *see also Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000); *Louisiana Counseling & Fam. Servs.*, 543 F. Supp. 2d at 364. To determine the appropriateness of the entry of a default judgment, the Court may conduct a hearing when, "to enter or effectuate judgment, it needs to . . . determine the amount of damages [or] establish the truth of any allegation by evidence." Fed. R. Civ. P. 55(b).

Generally, courts treat all pleadings and allegations of the plaintiff as true on a motion for default judgment. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990). However, the Court is not required to accept a plaintiff's conclusions of law and, therefore, "it remains for the [C]ourt to consider whether the unchallenged facts constitute a legitimate cause of action" against a defendant. *Directv, Inc. v. Asher*, Civ. A. No. 03-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (quoting Charles A. Wright, Arthur R. Miller & Mary Kay Kane, 10A Federal Practice and Procedure § 2688, at 58–59, 63 (3d ed. 1998)); *accord Louisiana Counseling & Fam. Servs.*, 543 F. Supp. 2d at 364; *Comcast Cable Commc'ns v. Bowers*, Civ. A. No. 06-1664, 2007 WL 1557510, at *2 (D.N.J. May 25, 2007).

The Court finds service of the Summons and Complaint were properly effectuated with respect to VI, Bangalore, and Rao. (ECF Nos. 24–26.) Default was duly noted by the Clerk of Court against VI, Bangalore, and Rao for their failure to plead or otherwise defend in this action. The Court further finds the unchallenged facts as presented in Vaswani's motion and by counsel constitute a legitimate cause of action. Vaswani has adequately pled a claim for violation of the NJCFA. To state a claim under the NJCFA, a plaintiff must establish three elements: "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between

the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009) (citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1086 (2007)). Vaswani alleges it demanded a return of the funds or delivery of the PPE products, but AE asserted it did not have the funds as those amounts had been provided to VI. (ECF No. 4 ¶ 23.) Bangalore and Rao are allegedly directors of VI. (*Id.* ¶¶ 10–11.) Vaswani asserts AE provided proof in the form of correspondence from Bangalore representing VI's agreement to return the funds to Vaswani. (*Id.* ¶¶ 23–24.) Ultimately, only a partial transfer was made to Vaswani in the amount of $77,000.00. (*Id.* ¶ 26.) The total outstanding loss is $230,264.00. (*Id.* ¶ 27.) In sum, Vaswani has shown VI, Bangalore, and Rao misrepresented the circumstances surrounding his refund of the undelivered products, resulting in an ascertainable loss. Accordingly, Vaswani's motion for default judgment is **GRANTED.**

## IV.    CONCLUSION

For the reasons set forth above, LVM's Motion to Dismiss, (ECF No. 15), pursuant to Rule 12(b)(2) as to Counts II and III is **GRANTED**; Oron's Motion to Dismiss, (ECF No. 23), pursuant to Rule 12(b)(2) as to Count VI is **GRANTED**; AM and Mirchandani's Motion to Dismiss, (ECF No. 61), pursuant to Rule 12(b)(2) as to Counts: II, III, and VI is **GRANTED**; AE's Motion to Dismiss, (ECF No. 62), pursuant to Rule 12(b)(6) as to Counts III and VI is **GRANTED IN PART** and **DENIED IN PART**; and Vaswani's Motion for Default Judgment, (ECF No. 41), is **GRANTED**. An appropriate order will follow.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Date: July 25, 2023